**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES A. SPEAR,

      Plaintiff,

v.

      Case No. 02-71953
      Hon. Gerald E. Rosen
      Magistrate Judge Wallace Capel, Jr.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

**ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on_____September 29, 2005_____

PRESENT: Honorable Gerald E. Rosen
                 United States District Judge

On April 28, 2005, Magistrate Judge Wallace Capel, Jr. issued a Report and Recommendation ("R & R") recommending that the Court deny Plaintiff James A. Spear's motion for summary judgment and grant the Defendant Commissioner of Social Security's motion for summary judgment. Plaintiff filed objections to the R & R on May 11, 2005, and Defendant filed a response to these objections on May 27, 2005. Having reviewed the R & R, Plaintiff's objections, Defendant's response, and the record as a whole, the Court readily concludes that the R & R should be adopted and judgment entered in Defendant's favor.

Plaintiff advances three objections to the R & R.  Yet, as noted in Defendant's response, each of these "objections" is properly viewed as a request for an opportunity to obtain additional evidence in support of Plaintiff's claim for benefits.  Plaintiff states, for example, that further inquiry from his treating physicians might disclose material information in support of his claim, such as the severity of the impairments identified by these physicians or the reasons why these physicians did not refer him to a pain management clinic.  Plaintiff further suggests that another reading of his MRIs from the fall of 1999 might lend support to his claim of a disabling impairment.  In short, Plaintiff does not challenge the Magistrate Judge's reading of the medical record, but instead asserts that any deficiencies in this record might yet be overcome through further investigation.

As Defendant correctly points out, the relief sought in Plaintiff's objections is beyond the power of this Court to award.  The "scope of [this Court's] review is limited to an examination of the record only."  Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989).  If new evidence is submitted, the Court may consider this evidence only for the limited purpose of determining whether a remand to the Defendant Commissioner is warranted for consideration of this new evidence, and such a remand may be ordered only upon a showing that the new evidence is "material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  Casey v. Secretary of HHS, 987 F.2d 1230, 1233 (6th Cir. 1993) (quoting 42 U.S.C. § 405(g)).  Here, Plaintiff has neither pointed to any such new evidence, material or otherwise, nor

suggested any "good cause" for the failure to produce such evidence during the course of the administrative proceedings. Rather, he offers only the bare hope that such evidence might yet be uncovered upon further inquiry. This is manifestly insufficient to warrant a remand for further development of the record, or to disturb the decision rendered upon the present record.

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's April 28, 2005 Report and Recommendation is ADOPTED in its entirety as the ruling of this Court. IT IS FURTHER ORDERED that Defendant's November 1, 2004 Motion for Summary Judgment is GRANTED, and that Plaintiff's April 18, 2005 Motion for Summary Judgment is DENIED.

                                                  s/Gerald E. Rosen
                                                  Gerald E. Rosen
                                                  United States District Judge

Dated: September 29, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2005, by electronic and/or ordinary mail.

                              s/LaShawn R. Saulsberry
                              Case Manager